MEMORANDUM OF DECISION
This is an action for the termination of parental rights of Janis D. and Mark C., the biological parents of the minor child Marcus, born January 5, 1993. This child has previously been found to be a neglected child on December 11, 1995 (Keller, J.). CT Page 646 The parents were each brought to court from their respective correctional facilities. Each was represented by counsel who vigorously contested the allegations of the petition filed by the Commissioner of the Department of Children and Families ("DCF"). The trial occurred over two days. The court heard from DCF social workers, each parent's probation officer, the child's therapist, the child's foster mother and the paternal grandmother. The court received into evidence social studies, court approved expectations signed by the parents, arrest and conviction records, and two reports of the court appointed psychologist, David M. Mantell, Ph.D.
The court makes the following findings by clear and convincing evidence. The sociological history of the parents was presented in the form of testimony of the social workers and the social study and status reports (Exhibits 3a and 3b). This social history was not challenged by the parents. They have not been married to each other. They have one child of their relationship, Marcus. This child was removed from them on December 24, 1994 after the mother overdosed on heroin or cocaine. The admission to the hospital for the mother was the third time she had been admitted for a drug overdose.
The mother has a decade long history of referrals to DCF for drug involvement and child neglect. Her first referral was on October 20, 1986. Her first child was then five months old. Mother had seizures from "doing cocaine" and she reportedly dropped her infant. Mother was hospitalized, the child was subsequently adjudicated a neglected child and the mother was allowed to have the child returned to her under Protective Supervision. That child has subsequently been awarded to the child's natural father. Since that 1986 referral, mother has been referred to DCF on 20 separate occasions.
At the time Marcus was first committed each parent signed a document calling for them to perform certain "Expectations" in order for them to "improve your chances of regaining . . . guardianship of your child permanently." (Exhibits 1 and 2). Neither parent satisfactorily complied with the court approved expectations. The social workers offered appropriate, available and accessible services for treating the parent's substance abuse problems, for counseling, and for Parental skills training. Neither parent fully attended or successfully completed the offered programs. Most importantly, both parents continued their substance abuse and both parents have had subsequent CT Page 647 involvement with the criminal justice system resulting in their present incarceration. Three years have elapsed since the child was placed in foster care and neither parent has made substantial gains in personal or parental rehabilitation.
In Dr. Mantell's report of June, 1997, (Petitioner's Exhibit #6) he concludes in his summary,
 "Both parents present in an impaired condition. Both are chronic substance abusers with strong indices of personality disorder. Both are defensive, chronic offenders, with poor rehabilitative prospects. Both present with antisocial personality profiles with their disordered lives strongly connected to substance abuse and their dysfunctional relationship. They have a strong history of domestic violence that is related both to their substance abuse and also to problems of jealousy, substance abuse and suspected infidelity . . . Both parents lack the psychological characteristics that would be required for minimally acceptable parenting." Id.
 Adjudication
With respect to the statutory grounds for termination of parental rights of the mother, Janice D., and the father, Mark C., the court finds by clear and convincing evidence that the child has previously been adjudicated neglected on December 11, 1995 and the parents have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time considering the age and needs of the child, such parents could assume a responsible position in the life of the child. General Statutes 17a-112 (c)(3)(B) The court finds that these grounds have existed for more than one year.
The court makes the following factual findings required by17a-112 (e):
1) Appropriate and timely services were provided by the Department of Children and Families, including substance abuse and individual counseling, transportation assistance, and visitation coordination.
2) The court finds by clear and convincing evidence that the Department of Children and Families made reasonable efforts to CT Page 648 reunify the family, given the situation and circumstances, as far as possible. The court finds in this proceeding that the father was unable, due to his incarceration and his lack of personal initiative to have visitation or to benefit from reunification efforts. Mother's inability or unwillingness to address her multitude of personal problems, has prevented successful reunification efforts. DCF made efforts to reunify by increasing visitation to over night visitation. Mother was unable to react appropriately to the child's needs and the child reacted negatively, emotionally and physically, to the extended visitation.
3) The Department, with the approval of the Court, set reasonable and realistic expectations in order to reunify the family. There was only marginal compliance or participation by the parents. The parents have failed to complete recommended treatment and programs and continued to be impaired by drugs.
4) The child has strong emotional ties with the foster family who has provided the physical, emotional and educational support this child needs. The child has no positive emotional ties to the biological father. The child has demonstrated little more than a visiting relationship with mother, not a parental relationship.
5) Finding regarding the age of the child. Marcus is five years old today. He has been in foster care for more than three years. He deserves a permanent, structured caring, nurturing environment that the foster parents are willing to permanently provide. Neither parent can offer the child a secure home at any time in the foreseeable future.
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions etc. The parents have not made realistic and sustained efforts to conform their conduct to acceptable parental standards. Mother requires extensive therapy to deal with her parental failings and substance abuse difficulties. While father has been incarcerated he has failed to take available substance abuse and parental programs offered for his personal rehabilitation. His failure to maintain a relationship with his child has displaced him as a possible parental figure. Giving them additional time would not likely bring their performance, as parents, within acceptable standards sufficient to make it in the best interests of the child to be reunited. In re Luis C. 210 Conn. 157 (1989); In re JuvenileAppeal 183 Conn. 11, 15 (1981). CT Page 649
7) Finding regarding the prevention of the parents from having a meaningful relationship etc. The substance abuse and criminal behavior of the parents has resulted in their present arrest and incarceration. The Department initially attempted to encourage contact. No unreasonable conduct is noted. The mother has had regular visitation with the child but was very inconsistent in exercising her visitation. Visitation was subsequently ended when it proved harmful to the child.
DISPOSITION
The court finds that these grounds and circumstances have existed over an extended period of time which is greater than one year. The court finds, based upon the testimony and evidence presented, that it would be in the child's best interest to terminate the parental rights of Janis and Mark at this time. This finding is made after considering the child's sense of time, his need for a secure and permanent environment, the relationship that the child has with his foster parents, and the totality of circumstances that the termination of parental rights is in the child's best interest. In re Juvenile Appeal (Anonymous,) supra,177 Conn. at 667-68. See generally, J. Goldstein, A. Freud A. Solnit, Beyond the Best Interests of the Child 99 (1979).
Order
It is accordingly, ORDERED that the parental rights of Janis D. and Mark C. are hereby terminated. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent. A permanency plan shall be submitted within 90 days. A review Plan for Terminated Child shall be filed in accordance with Federal Law.
Francis J. Foley, Presiding Judge Child Protection Session